C. F. ANDREWS, Appellant, v. F. A. KENNON, CLARA KENNON, Defendants, and CLARA K. WORLEY, Appellee.

**Mortgages:** FORECLOSURE: BURDEN OF PROOF: EVIDENCE. The receiver of a bank, in attempting to foreclose as a mortgage a deed absolute on its face and given to the cashier as trustee, has the burden of showing that the instrument was made for the benefit of the bank. Evidence held to show that the deed in suit was executed for the benefit of the bank as a mortgage to secure a loan of money.

*Appeal from Adams District Court.*—HON. H. K. EVANS, Judge.

THURSDAY, OCTOBER 21, 1909.

REHEARING DENIED TUESDAY, JANUARY 18, 1910.

THIS is an action of foreclosure. There was a decree for the plaintiff as against the principal defendant, and for the defendant Clara K. Worley as a subsequent lienholder. The plaintiff appeals.—*Affirmed.*

*Maxwell & Maxwell,* for appellant.

*Meyerhoff & Gibson,* for appellee.

EVANS, C. J.—The plaintiff is receiver of the Corning State Savings Bank. He became such on February 22, 1904. Among the papers and assets which came into his hands as the property of the bank was a certain warranty deed of certain real estate, dated January 11, 1896, and executed by F. A. Kennon and wife, as grantors, to F. L. La Rue, trustee, as grantee. At the time of the execution of such deed La Rue was the cashier of the bank, and afterwards became its president, and so continued up to the time of his death, which occurred immediately preceding the appointing of the plaintiff as receiver. Mrs. Kennon was a sister of La Rue. The Kennons had continued in possession of the real estate at all times since the deed was made. Upon receiving the deed plaintiff immediately conferred with the Kennons in relation thereto. They informed him that the deed was intended as a mortgage, and was given to secure the bank for indebtedness owing to it by Kennon. At the time of its execution this indebtedness amounted to about $6,000. It had been reduced to the sum of $2,740, which was represented by the note for that sum, dated September 5, 1903, and due in six months, and which was among the assets of the bank at the time of La Rue's death. Acting upon this information, the plaintiff treated the deed as a mortgage, and undertook to collect the debt. He requested a conveyance of the property and satisfaction of the debt, but this was refused by the Kennons. In the meantime, in October, 1904, defendant Clara K. Worley obtained a judgment against the Kennons, which became a lien upon their interest in such real estate. In 1906 she caused an execution under her judgment to be levied upon the property, and caused an execution sale thereof, at which she became the purchaser. Be-

fore the execution sale the plaintiff commenced this action
of foreclosure, and asked for the establishment of a lien
against said property, for the amount of the debt owing
to the bank, and that such lien be declared superior to that
of defendant Worley. The Kennons defaulted in the ac-
tion, and decree was entered as prayed as against them;
no service having been had on defendant Worley. After
service of notice upon her she appeared and resisted plain-
tiff's action. The defenses were (1) general denial, and
(2) that the deed was fraudulently altered and therefore
void. In her general denial she urged especially that the
deed was not given to secure any indebtedness owing to
the bank, but that it was given to secure La Rue personally
for liabilities incurred by him on behalf of Kennon. The
alterations alleged were that the word "trustee" had been
inserted after the name of the grantee, and that certain other
property had been included in the description which was
not then owned by the Kennons, but had been conveyed
by them to La Rue some months previously, and which
property is not involved in this controversy.

Under this record we are not greatly impressed with
the defense of fraudulent alteration set up. The original
instrument has been certified to us. Its physical appear-
ance indicates no alteration. On the contrary, its appear-
ance is such as to be very convincing that no alteration
was ever made therein. The alterations contended for
appear void of motive and of materiality, and we shall
give that defense no further consideration.

The substantial controversy between the parties is in-
volved in the defense of general denial. The deed does
not in terms purport to be made to the bank, nor in its
behalf. The burden is therefore upon the plaintiff to es-
tablish that fact by other evidence. The plaintiff meets
this burden by showing that such was the construction
which the Kennons themselves put upon the deed at the
time he brought it to their attention, and that such is the

construction they have put upon it ever since. This was the construction put by them upon it prior to the acquiring of any interest or lien by the defendant Worley, and at a time when they alone had any interest in contesting or disputing the instrument. The plaintiff also called F. A. Kennon as a witness at the trial, and he has testified in substantial accordance with his previous claims. As already indicated, both the Kennons submitted without defense to a decree in substantial accord with this construction. As against this, it is shown by the defendant that at the time the deed was executed La Rue was surety for Kennon on the notes due the bank, and that he had incurred some other liabilities for him. The notary who took the acknowledgment testified that La Rue said he was taking the deed for his own personal protection against liabilities incurred for Kennon. He was not surety for Kennon on the last note executed in September, 1903, and had not been surety for him for some years prior to such date. He had paid taxes upon the property with his personal checks. In 1902, while he was president of the bank, he had procured a policy of insurance upon the property in the name of Kennon. The application for the insurance declared Kennon to be the absolute and unqualified owner of the property, and that no other person had any interest or lien thereon. The agent who issued such insurance policy was the cashier of the bank. The policy expressly provided that it should be void if any other person than Kennon had any interest in the property. The note signed by Kennon in September, 1903, was temporarily negotiated as collateral to a bank in Chicago. In the negotiation of papers for collateral it was customary for the bank to include all securities incident to the paper negotiated. No security was suggested or sent with this note. These are the substantial circumstances put forward by the defendant as tending to disprove the claim that the bank had any interest in the instrument or property covered thereby. It

is difficult to determine what significance should be given to the use of the word "trustee" after the name of the grantee. It is contended by the plaintiff that this indicates that La Rue was not acting in his personal capacity. As against this, it is shown that he was not in the habit of taking securities for the benefit of the bank in that form, and that if he did so at this time, it was the only instance of the kind with possibly one exception. It is also shown that his signature as surety to Kennon's notes to the bank was followed by the word "trustee." Manifestly in becoming surety for Kennon on his note due the bank he could not be acting as trustee for the bank. It is not impossible that by the use of the word "trustee" he only intended to indicate a trust as between him and the grantors.

That the parties to the instrument put the construction upon it which is contended for by plaintiff at the time when no other person was interested therein furnishes a strong reason why that view should be adopted now. The writer hereof inclines to the view that the plaintiff has fairly proved his case. The majority of the court, however, upon a consideration of the whole record, are of the opinion that the disputed question is involved in great uncertainty, and that the plaintiff should be deemed as having failed in his proof. The trial court reached this conclusion, and its decree must therefore be *affirmed*.